IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE M. JONES<br>2042 Conlyn Street<br>Philadelphia, PA 19138-2928<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COLLECTCORP CORPORATION<br>455 North 3rd Street, Suite 260<br>Phoenix, AZ 85004-3924<br>　　　　　　　　　Defendant. | CIVIL ACTION NO. |

## COMPLAINT

**I.     INTRODUCTION**

1.     This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2.     The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3.     Defendant is subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

**II.    JURISDICTION**

4.     Jurisdiction arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

**III.   PARTIES**

5.     Plaintiff Andre M. Jones is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

1

6.     Defendant, Collectcorp Corporation (hereinafter "Collectcorp") is believed to be an Arizona corporation with a place of business at the address captioned.

7.     Collectcorp regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

8.     Collectcorp regularly does business in the Eastern District of Pennsylvania.

9.     Collectcorp is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   STATEMENT OF CLAIM

10.    On December 17, 2009, Defendant Collectcorp sent Plaintiff a collection letter in connection with a consumer debt alleged due Chase Bank in the amount of $10,363.59. (Exhibit "A", redacted per local rule for privacy). Plaintiff disputes that the sum claimed is due.

11.    Defendant's collection letter offers to accept a "settlement" of the account for a payment of $3,600.00 on a total amount claimed due of $10,363.59.

12.    The December 17, 2009 letter further states:

> The Internal Revenue Service requires the creditor to provide it with information about amounts of $600.00 or more that are discharged as a result of a cancellation of debt. If the amount the creditor will discharge when the final payment of your settlement is received is $600.00 or more the creditor will be required to notify the IRS of the discharged amount. You will receive a copy of the form 1099C that will be filed with the IRS.

13.    The IRS regulation to which the Defendant refers in its letter requires only that any applicable financial entity that discharges an indebtedness of any person of at least $600.00 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. A discharge of indebtedness is deemed to have occurred, if and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

2

14. There are also several exceptions to the reporting requirement. For instance, discharged amounts consisting of interest and non-principal charges need not be reported. Defendant's letter fails to mention these exceptions or break down the balance alleged due into principal, interest and other charges to determine whether the remaining balance under Defendant's settlement proposal would constitute an identifiable event.

15. Further, the compromise or settlement of a disputed claim does not trigger an identifiable event.

16. Here, Defendant's settlement offer, even if accepted, may not leave a discharged balance sufficient to trigger an identifiable event, nor the issuance of a Form 1099-C.

17. Defendant's statement is false and misleading.

18. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, or misleading statements in connection with the collection of a debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §§ 1692e, 1692e(5).

19. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

20. Defendant's reference to reporting to the IRS any remaining balance as a discharged debt is false, deceptive and misleading, as well as intimidating, in violation of the Act.

21. The reference deceptively and unnecessarily injects the Internal Revenue Service into the collection calculus. This has the effect of intimidating and confusing the consumer.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

23. Defendant's letter violates the Fair Debt Collection Practices Act by making false, deceptive or misleading representations in connection with the collection of a debt alleged due. 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

**WHEREFORE**, Plaintiff, Andre Jones, demands judgment against Defendant, Collectcorp Corporation for:

(a) Damages;

(b) Attorney's fees and costs;

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 12/06/10

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781